# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeals of -- )
)
████████████████████████ )  ASBCA Nos. 60300, 60302
)
Under Contract Nos.  W5J9JE-15-P-0017 )
W5J9JE-15-P-0016 )

APPEARANCE FOR THE APPELLANT:  ████████████████
CEO & President

APPEARANCES FOR THE GOVERNMENT:  Thomas H. Gourlay, Jr., Esq.
  Engineer Chief Trial Attorney
Matthew S. Tilghman, Esq.
Michael E. Taccino, Esq.
  Engineer Trial Attorneys
  U.S. Army Engineer District, Middle East
  Winchester, VA

## OPINION BY ADMINISTRATIVE JUDGE WILSON
## ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

These appeals involve the default termination of two contracts to perform custodial, maintenance, and ground services on several military bases in Afghanistan. The terminations were based on the inability of appellant to gain access to the respective bases to perform the contracts due to a determination by the government that appellant was a force protection threat to the United States and Coalition Forces. The government moves for summary judgment contending that the loss of facility access and subsequent inability to provide the required services entitled it to terminate the contract for default. Appellant counters that the revocation of its access to the installations was not its fault and the government wrongfully terminated its contracts. For the reasons stated below, we grant the government's motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

*ASBCA No. 60300 – The Bagram Contract*

1. On 8 July 2015, the Corps awarded Contract No. W5J9JE-15-P-0017 (Bagram contract) to appellant to provide custodial and grounds maintenance services at several bases and facilities in Afghanistan (Bagram Airfield, Camp Gamberi, Camp Marmal, the

Kabul Area Office and Qargha). The performance period was from 1 August 2015 through 31 December 2017. (R4[1], tabs 6, 7 at 5)

2. The contract contained the following provisions and Federal Acquisition Regulation (FAR) clause:

> 1.7.1. Hours of Operation. The Contractor is responsible for conducting business and may be required to work a maximum of 48 hours per week, which will be eight (8) hours per day, six (6) days per week. All personnel will be scheduled through shifts...from 8:00 AM through 4:30 PM....
>
> ....
>
> 1.9.1. Base Security Requirements. The Base security maintains the ultimate authority for establishing, monitoring, and enforcing security requirements for the work site.... The Contractor shall be responsible for compliance with all base security requirements. The Government reserves the right to deny access or to require the Contractor to remove any personnel or equipment deemed to be a threat to the security of facilities or facility personnel. The Contractor shall work through the [contracting officer] to assure that all Security Regulations are followed.
>
> 1.9.2. Security and Facility Access. The Contractor will be responsible for obtaining all permits, licenses, rights of entry, and approvals from all local Governorate and National authorities as necessary for the performance of these services. Rights of entry include the ability to obtain the proper documentation to ensure that personnel can enter facilities controlled by Coalition Forces, the U.S. State Department, and the [Government of Afghanistan]. Contractor workforce must comply with all personal identity verification requirements as directed by DOD, HQDA and/or local policy. In addition to the changes otherwise authorized by the changes clause of this contract, should the Force Protection Condition (FPCON) at any individual facility or installation change, the Government may require changes in contractor security matters or processes.

---

[1] Each of the Rule 4 references specifically relate to the un-consolidated appeal file volume of that particular appeal. For ease of reference, we will discuss each appeal separately, but the relevant contract language for both appeals is identical.

....

> 52.212-4 CONTRACT TERMS AND CONDITIONS –
> COMMERCIAL ITEMS (DEC 2014)
>
> ....
>
> (m) Termination for cause. The Government may terminate
> this contract, or any part hereof, for cause in the event of any
> default by the Contractor, or if the Contractor fails to comply
> with any contract terms and conditions, or fails to provide the
> Government, upon request, with adequate assurances of
> future performance.... If it is determined that the Government
> improperly terminated this contract for default, such
> termination shall be deemed a termination for convenience.

(R4, tab 6 at 10-12, 38, 41) We find that appellant had the responsibility to maintain access to the facilities. We further find that the contract required continuous services.

3. By letter dated 30 July 2015, appellant was given the Notice to Proceed (R4, tab 15).

4. On 19 September 2015, the Deputy Commander, RS Train, Advise, Assist Command-South (TAAC-S), Headquarters, Combined Joint Task Force-7, Kandahar Airfield, Afghanistan, issued a "Notice to Vacate Kandahar Airfield." The letter read as follows:

> 1. Your business and its operations have been determined to
> be a force protection threat to US and Coalition Forces at
> Kandahar Airfield. Therefore, your access to Kandahar
> Airfield is hereby revoked. Effective immediately your
> business, its operations, and employees will no longer be
> permitted on KAF and will be denied base access in the
> future....
>
> 2. You may submit a request for reconsideration to the
> TAAC-S Force Protection Cell, if you believe this
> determination is based on erroneous information or if the
> circumstances have significantly changed. The request must
> be in writing. Your request for reconsideration will be
> forwarded to the Resolute Support and United States
> Forces-Afghanistan Force Protection Cells. Any requests for
> reconsideration must be received within five days from
> receipt of this notice.

3

(R4, tab 16) As a result of this determination, appellant was unable to access any of the U.S. and Coalition force bases in Afghanistan (R4, tab 19; gov't mot., ex. 1).

5. On 24 September 2015, the contracting officer terminated the contract for cause pursuant to the contract clause FAR 52.212-4(m) due to lack of base access (R4, tab 4).

6. By letter dated 5 October 2015, the Corps requested that appellant submit a final invoice for work performed during the 1-24 September 2015 contract period (R4, tab 22). In response, appellant submitted an invoice that was approved and paid in full by the Corps (R4, tabs 20, 21).

7. On 27 October 2015, appellant filed a timely notice of appeal with the Board from the termination for cause of the Bagram Contract, which was docketed as ASBCA No. 60300.

*ASBCA No. 60302 – The Kandahar Contract*

8. On 6 July 2015, the Corps awarded Contract No. W5J9JE-15-P-0016 (Kandahar Contract) to appellant for janitorial services, maintenance and repair services (including parts and supplies), and generator preventative maintenance services at Kandahar Airfield in Afghanistan (R4, tab 5).

9. The contract specified that the work was to be done on a daily basis (6 days a week for custodial services) while other work was to be accomplished on a monthly basis or emergency repairs; and general facilities support, which had to be accomplished within 24-48 hours of a request (R4, tab 5 at 13, 36).

10. The contract contained the identical access provisions and clause as the Bagram Contract (*see* SOF ¶ 2).

11. As a result of the same letter from TAAC-S (SOF ¶ 4) appellant's access to Kandahar Airfield was revoked. Subsequently, on 24 September 2015, the contracting officer terminated the contract for cause pursuant to the contract clause FAR 52.212-4(m) (R4, tabs 3, 19).

12. The Corps requested invoices for work completed up to the date of termination (R4, tab 22). Appellant submitted an invoice (R4, tab 20), which was paid (R4, tab 21).

13. On 27 October 2015, appellant filed a timely notice of appeal from the termination for cause of the Kandahar Contract, which was docketed as ASBCA No. 60302.

4

14. In support of its motion, the government offered a declaration from Ms. Cherita Williams, the contracting officer (CO) who terminated the contracts at issue. CO Williams states:

> 3. On 19 September 2015, the Deputy Commander of the U.S. Military organization responsible for security on Kandahar Airfield issued a memorandum that begins as follows: "Your business and its operations have been determined to be a force protection threat to US and Coalition Forces at Kandahar Airfield. Therefore, your access to Kandahar Airfield is hereby revoked."
>
> 4. At the time when [the Corps] terminated the Contracts, a system of vendor vetting was in place for U.S. Government contractors in Afghanistan. The system is intended to prevent the U.S. Government from contracting with entities that support insurgent groups in Afghanistan. The U.S. Government personnel who are responsible for vendor vetting make determinations that have dispositive effect on vendors' access to U.S. Military installations based on classified intelligence information.
>
> 5. At the time when I terminated the Contracts, I had personal knowledge that the revocation of [appellant's] access to Kandahar Airfield was the direct result of a vendor vetting determination of the kind described in paragraph 4.
>
> 6. Further, at the time when I terminated the Contracts, based on my understanding of the vendor vetting process, I knew that the revocation of [appellant's] installation access applied to all U.S. Military installations.
>
> 7. After the issuance of the memorandum to [appellant], informing it of the revocation of its base access on 19 September 2015 and before I terminated the Contracts for cause, [appellant] ceased performing the services required by the Contracts because its personnel did not have access to the installations where the services under the Contracts were required to be performed.

(Gov't mot., ex. 1)

5

## DECISION

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Proveris Scientific Corp. v. Innovasystems, Inc.*, 739 F.3d 1367, 1371 (Fed. Cir. 2014); *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390-91 (Fed. Cir. 1987). A material fact is one that may affect the outcome of the decision. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The moving party bears the burden of establishing the absence of any genuine issue of material fact, and all significant doubt over factual issues must be resolved in favor of the party opposing summary judgment. However, more than mere assertions are necessary to counter a motion for summary judgment. The government bears the burden of proof on the issue of correctness of its actions in terminating a contractor for cause. *See Lisbon Contractors, Inc. v. United States*, 828 F.2d 759, 764 (Fed. Cir. 1987).

The government contends that it is entitled to summary judgment because the terminations for cause were justified as appellant failed to maintain facility access and to provide continuous services and did not offer valid excuses for its breaches of contract (gov't mot. at 7).

Appellant counters, *inter alia*, that it had no control over vendor vetting and the removal of base access was not its fault (app. reply at 1). In support of its opposition, appellant offered exhibits that do not add anything to the discussion nor do they show any facts that may be in dispute regarding the termination.

Here, the undisputed record shows that appellant lost its access to the bases that it was contractually obligated to maintain (SOF ¶¶ 2, 4, 11). The fact that the government entity that controlled base access was beyond appellant's control is not a valid excuse for non-performance. As such, appellant breached the contracts and the government has met its burden of proof that it properly terminated the contracts for cause. Therefore, finding that there are no disputed material facts and that the government is entitled to judgment as a matter of law, the motion for summary judgment is granted.

6

## CONCLUSION

The appeals are denied.

Dated: 29 March 2017

OWEN C. WILSON
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 60300, 60302, Appeals of ████, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

7